

# The Attorney General of Texas

August 2, 1979

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711
512 475-2501

101 Commerce, Suite 200
Dallas, TX. 75202
214 742-8944

824 Alberta Ave., Suite 160
Paso, TX. 79905
915 533-3484

23 Main, Suite 610
Houston, TX 77002
713 228-0701

106 Broadway, Suite 312
Lubbock, TX. 79401
806 747-5238

313 N Tenth, Suite F
McAllen, TX. 78501
512 682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512 225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Kenneth H. Ashworth
Texas College & University System
P. O. Box 12788, College Station
Austin, Texas 78711

Opinion No. MW-38

Re: Authority of a college to charge a lower amount of tuition than provided by law.

Dear Commissioner Ashworth:

You have requested our opinion concerning tuition fees charged by a public junior college. You have asked whether the board of trustees may set a tuition rate for a classification of a student which is lower than the tuition rate provided by law if the college does not claim a proportionate share funding for the students so classified. With the exception provided in section 130.085 of the Education Code which permits tuition exemption for residents of the district where necessary to receive certain federal assistance, the junior college district must charge each student the tuition provided for other state-supported colleges if it wishes to receive state appropriations. Educ. Code § 130.003(b)(4).

Section 130.003 provides in pertinent part:

§ 130.003. State Appropriation for Public Junior Colleges

(a) There shall be appropriated biennially from money in the state treasury not otherwise appropriated an amount sufficient to supplement local funds for the proper support, maintenance, operation, and improvement of those public junior colleges of Texas that meet the standards prescribed by this chapter. The sum shall be allocated on a basis and in a manner provided in Subsection (b) of this section.

(b) To be eligible for and to receive a proportionate share of the appropriation, a public junior college must:

. . . .

p. 110

(4) collect, from <u>each</u> full-time and part-time student enrolled, matriculation and other session fees in the amounts required and provided by law for other state-supported institutions of higher education, except, however, the governing board of a public junior college district may waive the difference in the rate of tuition for non-resident and resident students for a person, and his dependents, who owns property which is subject to ad valorem taxation by the junior college district, that the amount charged nonresidents who have not received a waiver of nonresident tuition need not be greater than the amount o required by law on January 1, 1971, and that notwithstanding the provisions of Subsection (b) of Section 54.051 of this code, the minimum tuition charge for resident students shall be $25.

(Emphasis added). We believe the language is clear that to be eligible for state funds each student must be charged the tuition fees prescribed by chapter 54 of the Education Code with the exception contained in sections 130.003(b)(4) and 130.085. Attorney General Opinion H-61A (1973).

## SUMMARY

Public junior colleges may not charge a lower tuition for certain classifications of students without relinquishing their entitlement to state funds.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by David B. Brooks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Martha Allen
David B. Brooks
Susan Garrison

Rick Gilpin
Barbara Marquardt
William G Reid
Bruce Youngblood